# In the United States Court of Federal Claims

No. 19-1565C

(Filed: November 15, 2019)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| INSAP SERVICES, INC., | |
| Plaintiff, | Contract Bundling; Small Business; Task Order; Federal Acquisition Streamlining Act of 1994; 41 U.S.C. § 4106; Tucker Act; 28 U.S.C. § 1491; Subject-Matter Jurisdiction; RCFC 12(b)(1). |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Devon E. Hewitt*, Protorae Law PLLC, Tysons, Virginia, for Plaintiff InSap Services, Inc.

*Michael D. Snyder*, with whom was *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Douglas K. Mickle*, Assistant Director, Commercial Litigation Branch, U.S. Department of Justice, Washington, D.C., *Scott N. Flesch*, *Major Abraham L. Young*, and *Captain Jeremy Burkhart*, U.S. Army Legal Services Agency, Contract and Fiscal Law Division, Fort Belvoir, Virginia, for Defendant.

OPINION AND ORDER

WHEELER, Judge.

In this pre-award bid protest, plaintiff InSap Services, Inc. ("InSap") challenges the United States Army's decision to bundle performance of certain IT service contracts under a single task order. InSap alleges that the Army's decision to fulfill the service needs under one task order was unlawful, because the Army's justification for bundling was arbitrary, capricious, an abuse of discretion, and not in accordance with the law.

Now before the Court is the Government's motion to dismiss for lack of subject-matter jurisdiction. For the reasons that are discussed below, the Court GRANTS the Government's motion to dismiss.

Background

InSap is a small business that currently provides IT services for enterprise resource planning ("ERP") to the Government as the prime contractor on four support contracts. Id. ¶ 10. The Government intends to bundle the services that InSap provides under these contracts with six other contracts, including services performed by other small businesses. E.g., id. ¶¶ 11, 13–14; Dkt. 1-1.

The ERP services will be performed under a single task order contract solicited under Request for Task Order Proposals UNAWRD-19-R-UNIF ("RFTOP"). Dkt. 13 at 1. The RFTOP bundles the ERP services previously performed by InSap and other small business contract holders under an existing government-wide acquisition ("GWAC") known as CIO-SP3. Id. InSap does not hold an indefinite-delivery, indefinite-quantity CIO-SP3 contract and is not eligible to compete for a task order under the RFTOP. Id. On May 8, 2019, the Army notified InSap of its intent to enter into a bundling contract for ERP services. Compl. ¶ 13. The Army issued the RFTOP the first week of June 2019. Id. ¶ 22. InSap filed a timely protest at the Government Accountability Office ("GAO") on June 24, 2019, challenging the Government's bundling decision. Id. ¶ 23. GAO denied the protest on September 23, 2019. Id.

On October 8, 2019, InSap filed this suit. On October 11, 2019, the Government filed a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). InSap filed a response to the motion to dismiss on October 18, 2019, and the Government filed its reply on October 25, 2019. The Court heard oral argument on the motion on November 7, 2019.

Discussion

A. Standard of Review

Whether the Court has jurisdiction to decide the merits of a case is a threshold matter. See PODS, Inc. v. Porta Stor, Inc., 484 F.3d 1359, 1365 (Fed. Cir. 2007). When deciding a Rule 12(b)(1) motion to dismiss, a court must assume all the undisputed facts in the complaint are true and draw reasonable inferences in the non-movant's favor. Acevedo v. United States, 824 F.3d 1365, 1368 (Fed. Cir. 2016). Further, the plaintiff bears the burden of establishing facts sufficient to invoke this Court's jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). In determining whether a plaintiff has met this burden, courts may look "beyond the pleadings and 'inquire into jurisdictional facts' in order to determine whether jurisdiction exists." Lechliter v. United States, 70 Fed. Cl. 536, 543 (2006) (quoting Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991)).

B. <u>The Court Does Not Have Jurisdiction Over InSap's Challenge to the Solicitation</u>

The Government requests that the Court dismiss the complaint for lack of subject matter jurisdiction. The Government argues primarily that under the Federal Acquisition Streamlining Act of 1994 ("FASA"), 41 U.S.C. § 4106(f)(2), this Court does not have jurisdiction over a protest that is "in connection with the issuance or proposed issuance of a task or delivery order," outside of scope-related protests.

InSap, however, asserts that this Court has jurisdiction to hear its protest because it is challenging the conditions antecedent to the solicitation, not the solicitation itself. <u>See</u> Dkt. 21 at 5–6. InSap contends that the decision to bundle ERP services under a single solicitation is not connected to the solicitation, as it occurs "prior to" and is not "mutually dependent on" the issuance of the task order. <u>Id.</u> at 2. Therefore, InSap says, its protest is not "in connection with" a task order within the meaning of FASA, because it would have grounds to protest regardless of the contracting vehicle the Government employed. <u>Id.</u> at 3–4. This distinction is not persuasive under current law.

FASA provides that only GAO has jurisdiction over protests that are brought "in connection with the issuance or proposed issuance of a task or delivery order." 41 U.S.C. §4106(f)(2). FASA however, does not define what it means for a protest to be "in connection with" a task order. The Federal Circuit considered this issue in <u>SRA Int'l, Inc. v. United States</u>, 766 F.3d 1409 (Fed. Cir. 2014). In that case, the protestor appealed this Court's dismissal of its protest, which alleged that the agency had improperly waived a conflict of interest after awarding a task order. <u>Id.</u> at 1410. This Court held the waiver was not in connection with the task order, because the waiver was issued after the award, and was "a matter left to agency discretion." <u>Id.</u> at 1412 (quoting <u>SRA Int'l, Inc. v. United States</u>, 114 Fed. Cl. 247, 255–56 (2014)).

The Federal Circuit reversed. The Circuit held that neither the temporal disconnect between the task order and the wavier, nor the discretionary nature of the waiver adequately separated the protest from the underlying task order. <u>Id.</u> at 1413. The Circuit observed that GAO's exclusive jurisdiction over task or deliver order protests was broad, noting FASA "effectively eliminates all judicial review for protests made in connection with a procurement designated as a task order—perhaps even in the event of an agency's egregious, or even criminal, conduct." <u>Id.</u> Nonetheless, the Circuit held that "Congress's intent to ban protests on the issuance of task orders is clear from FASA's unambiguous language." <u>Id.</u> Although SRA's allegations addressed the waiver or some consequential effect of the waiver, they were still "in connection with" the issuance of a task order, not the waiver alone. <u>Id.</u> at 1414.

Policy considerations support the Federal Circuit's broad interpretation of FASA's language. As the name of the statute indicates, its purpose is to streamline the acquisition process. Though FASA extends the types of protests allowed for task or delivery orders,

it imposes clear limitations by providing GAO exclusive jurisdiction over protests for orders above the statutory threshold. To allow a protest to be heard at this Court after already being heard by GAO would burden the Government and negate Congress's intent to streamline.

Both the positive law and policy considerations mandate dismissal of this case. InSap's protest falls within the scope of FASA. The Federal Circuit held in <u>SRA Int'l, Inc.</u> that neither a temporal disconnect nor a discretionary act by the agency is sufficient to overcome the broad limitations of FASA. <u>Id.</u> at 1413. As such, the Army's discretionary decision to bundle the services prior to the task order solicitation is in connection with the task order. In this case, whether the Army has met the statutory requirements of the Small Business Act for a task order is an issue for GAO alone.

While there may be situations in which a small business has no means of protesting a task or delivery order, even in cases of Government misconduct, this is not such a case. InSap has already had the opportunity to make its case to GAO, where it lost on the merits. <u>InSap Servs., Inc.</u>, B-417596.2, B-417596.3, 2019 WL 5305472 (Comp. Gen. Sept. 23, 2019). FASA intended to streamline the procurement process by eliminating protestor's ability to have a second bite at the apple, prohibiting protests of task or delivery orders on grounds other than scope to be heard outside of GAO. It would defeat Congress's purpose if would-be protestors could make an end run around the FASA's plain meaning by claiming that they are challenging the conditions of the solicitation, but not the task order itself.

<u>Conclusion</u>

For these reasons, the Government's motion to dismiss is GRANTED. The Clerk is directed to dismiss InSap's complaint without prejudice. Additionally, InSap's motion for a temporary restraining order and a preliminary injunction is DENIED as moot.

IT IS SO ORDERED.

s/ Thomas C. Wheeler<br>THOMAS C. WHEELER<br>Judge